# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **YUSUFU DANMOLA,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    Case No. CIV-23-234-G |
| | ) |
| **WARDEN GOLDEY,** | ) |
| | ) |
|     **Respondent.** | ) |

## ORDER

On April 19, 2023, Petitioner Yusufu Danmola, a federal prisoner appearing pro se, filed his Amended Petition for Writ of Habeas Corpus Under U.S.C. § 2241, challenging the validity of his criminal conviction and the manner of execution of the accompanying sentence. *See* Am. Pet. (Doc. No. 10); *see also* Pet'r's Br. (Doc. No. 11). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review.

Now before the Court is the Report and Recommendation ("R. & R.") (Doc. No. 15) issued by Judge Erwin and finding that the Amended Petition should be dismissed on screening. *See* R. & R. at 3-10; *see also* R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On June 16, 2023, Petitioner filed a timely objection to the R. & R. *See* Pet'r's Obj. (Doc. No. 16).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73

F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted this de novo review, the Court finds as follows.

I. *Petitioner's Ground One*

As noted in the R. & R., Petitioner's habeas claims arise out of a 2017 conviction in the U.S. District Court for the Northern District of Texas for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *See* R. & R. at 2; Am. Pet. at 1; *United States v. Danmola*, No. 16-CR-222 (N.D. Tex.).  Petitioner was sentenced to 115 months' imprisonment on the conviction.  *United States v. Danmola*, No. 17-10583, 2017 WL 11823992, at *1 (5th Cir. Sept. 11, 2017).

In Ground One, Petitioner argues that the statute of conviction, 18 U.S.C. § 922(g)(1), violates the United States Constitution "by way of [the] Texas Constitution." Am. Pet. at 7.  The R. & R. thoroughly discussed the appropriate standard for determining whether the Court has jurisdiction over this claim.  *See* R. & R. at 3-5.  The magistrate judge found that Ground One is a challenge to the validity of Petitioner's conviction and sentence, and, generally, a federal prisoner may make such a challenge only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241.  *See* R. & R. at 3 (citing *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)).  Petitioner previously attacked the legality of his conviction or sentence pursuant to § 2255; his requests for relief were denied by the

sentencing court. *Id.* at 2, 3; *see Danmola v. United States*, No. 16-CR-222, 2020 WL 6135702, at *3 (N.D. Tex. Oct. 19, 2020).[1]

A federal prisoner may resort to § 2241 to contest his or her conviction only in the rare circumstance that the prisoner satisfies the "savings clause" found in 28 U.S.C. § 2255(e). R. & R. at 4. Judge Erwin concluded that Petitioner has not satisfied his burden to demonstrate that the savings clause applies, as Petitioner has not shown that § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *Id.* at 4-5 (quoting 28 U.S.C. § 2255(e)). Judge Erwin further concluded that the Court should dismiss the Amended Petition due to lack of jurisdiction rather than transfer the matter to the Fifth Circuit Court of Appeals. *See id.* at 5-6 (citing 28 U.S.C. § 2255(h)).

Upon independent review, the undersigned fully concurs with the R. & R.'s findings and recommendation as to Ground One. Although Petitioner objects that restrictions upon challenging a criminal sentence are themselves unconstitutional and should not limit his ability to bring such a challenge, he does not dispute that the R. & R. accurately characterizes the governing authority as to the § 2255(e) savings clause and its implications for this Court's jurisdiction. *See* Pet'r's Obj. at 1-7. Nor does Petitioner articulate any circumstance that might implicate the savings clause or a basis to satisfy the requirements for filing a successive § 2255 motion. *Cf. Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir.

---

[1] In order to file a second or successive § 2255 motion, Petitioner would need to seek leave from "the appropriate court of appeals," which Petitioner has not done. 28 U.S.C. § 2255(h); R. & R. at 3-4.

3

2010) (identifying the "few circumstances" in which § 2255 has been found inadequate or ineffective).

The Tenth Circuit has explained that "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle*." *Prost*, 636 F.3d at 590. "The savings clause doesn't guarantee results, only process." *Id.* Therefore, neither the failure of Petitioner's claims in his previous attempt at § 2255 relief nor any alleged error in his conviction or sentence constitutes grounds to now proceed under the savings clause of § 2255. The Court finds that it lacks jurisdiction over Ground One and that transfer is not warranted.

II.     *Petitioner's Ground Two*

Petitioner next argues that 18 U.S.C. § 3621(e)(2)(B) is violative of the Due Process Clause, the Equal Protection Clause, and the Privileges and Immunities Clause. *See* Am. Pet. at 7; Pet'r's Br. at 1-4. "Congress has provided, in 18 U.S.C. § 3621(e)(2)(B), that the Bureau of Prisons . . . may reduce by up to one year the prison term of an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program." *Lopez v. Davis*, 531 U.S. 230, 232 (2001) (discussing § 3621(e)(1)'s mandate that the Bureau of Prisons (or "BOP") "provide residential substance abuse treatment"—known as "RDAP"—to qualifying prisoners). As noted, Petitioner is serving a term of imprisonment on his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See supra*. Consistent with 18 U.S.C. § 3621(e)(2)(B)'s language restricting

4

early-release eligibility to "nonviolent felony" offenses, a BOP regulation "categorically denies early release to prisoners whose current offense is a felony attended by 'the carrying, possession, or use of a firearm.'" *Lopez*, 531 U.S. at 232-33 (quoting the current 28 C.F.R. § 550.55(b)(5)(ii)). This includes convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007).

Petitioner first contends that his ineligibility for early release pursuant to § 3621(e)(2)(B) violates his right to due process. *See* Am. Pet. at 7; Pet'r's Br. at 3-4. The magistrate judge found that Petitioner could not show an entitlement to relief on this claim because Petitioner does not possess a protected liberty interest in early release from prison. *See* R. & R. at 7-8.

Petitioner's Objection largely repeats his pleading allegations and does not challenge Judge Erwin's characterization of the relevant standard for establishing a due process violation. *See* Pet'r's Obj. at 11-13. As Petitioner also fails to provide any authority to adequately support the proposition that he holds a protected liberty interest in early release, the undersigned agrees that it "plainly appears" that Petitioner is not entitled to relief on this basis and that dismissal is required. R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("[A] prisoner has no liberty interest in discretionary early release for completion of RDAP.").

Liberally construed, Petitioner also asserts that his statutory ineligibility for early release constitutes an equal protection violation, as well as a violation of the Privileges and Immunities Clause, because the Ninth Circuit Court of Appeals has held that federal prisoners are eligible for early release after completing a substance abuse program, even if

5

convicted under § 922(g)(1). *See* Pet'r's Br. at 2 ("[T]he 9th Circuit rec[ei]ves the year off their sentence completion of RDAP and no other Circuit does which is unconstitutional."). The Tenth Circuit has upheld the validity of the BOP regulation excluding "felonies involving the possession of a firearm" from eligibility for the § 3621(e)(2)(B) sentence reduction, however. *Koh v. United States*, 703 F. App'x 709 (10th Cir. 2017) (citing 28 C.F.R. § 550.55(b)(5)(ii); *Licon v. Ledezma*, 638 F.3d 1303, 1309 (10th Cir. 2011)); *see* R. & R. at 7, 10. Further, as noted by the R. & R., the Tenth Circuit has rejected the proposition that either the BOP or other appellate courts are bound to follow the decisions of the Ninth Circuit in this regard. *See* R. & R. at 10 (citing *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("[T]he BOP is not compelled by equal protection principles to acquiesce nationwide in the Ninth Circuit's decision. It is elementary that decisions of one Court of Appeals cannot bind another." (citation and internal quotation marks omitted))).

Petitioner's objection is therefore overruled as to Ground Two.

### III.   *Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability ("COA") must issue for an appeal to be taken from a final order in a proceeding under 28 U.S.C. § 2255. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a COA shall be denied.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. No. 15) is ADOPTED in relevant part. The Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 10) is DISMISSED.

A certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 15th day of April, 2024.

CHARLES B. GOODWIN
United States District Judge